RECEIVED
AUG 1 2 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

DR. THEODA E. MILLS, JR., DM, MBA, MM, MHA,

Plaintiff,

v.

CITY OF ST. LOUIS, MISSOURI,

SYLVIA JACKSON-BELL, in her individual and official capacity, and

VICTORIA ANWURI, in her individual and official capacity,

Defendants.

Case No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Dr. Theoda E. Mills, Jr., DM, MBA, MM, MHA ("Plaintiff"), pro se, brings this Complaint against Defendant City of St. Louis, Missouri, and Sylvia Jackson-Bell, and Victoria Anwuri ("Defendants"), and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal laws, including the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 et seq.) ("ADEA"), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), and 42 U.S.C. § 1981.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and omissions giving rise to this Complaint occurred within this District, and Defendants reside or conduct business herein.

### II. PARTIES

1

3. Plaintiff is a 68-year-old African American male, a resident of St. Louis, Missouri, and at all times relevant was employed by the City of St. Louis Department of Health – Grant Administration Division.

4. Defendant City of St. Louis, Missouri, is a municipal corporation organized under the laws of Missouri.

5. Defendant Sylvia Jackson-Bell is an individual who, at all times relevant, served as the Grant Manager of the Department of Health – Grant Administration Division and acted under color of state and federal law.

6. Defendant Victoria Anwuri is an individual who, at all times relevant, served as the Commissioner of the Department of Health and acted under color of state and federal law.

## III. LEGAL FOUNDATION: WHY AGE, SEX DISCRIMINATION, AND RETALIATION CLAIMS ARE LEGALLY SUPPORTED

### A. Age Discrimination under the ADEA

7. Plaintiff satisfies the **prima facie elements** recognized in *Canning v. Creighton Univ.*, 995 F.3d 603, 610 (8th Cir. 2021): (1) over 40 years of age, (2) meeting job qualifications, (3) suffering an adverse employment action, and (4) replaced by someone substantially younger.

8. The Eighth Circuit in *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 468 (8th Cir. 2011), confirmed that once a prima facie case is established, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason" and then back to the plaintiff to show "the proffered reason is pretext for discrimination."

9. The Supreme Court in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009), an Iowa case within the Eighth Circuit, held that a plaintiff "must prove, by a preponderance of the evidence, that age was the 'but-for' cause" of the adverse action. Here, Defendant Jackson-Bell's repeated remarks about Plaintiff's age and longevity, combined with the immediate replacement by a younger employee, demonstrate but-for causation.

### B. Retaliation – Temporal Proximity and Causation

2

10. Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a retaliation claim requires (1) protected activity, (2) an adverse employment action, and (3) a causal connection.

11. The Eighth Circuit recognizes that **close temporal proximity** alone can support causation. In *Lightner v. Catalent CTS (Kansas City), LLC*, No. 22-2452, 2023 WL 8854400, at *5 (8th Cir. Dec. 26, 2023), the court held that a **48-hour** gap between protected activity and termination sufficed to infer causation. Here, Plaintiff's termination occurred **six minutes** after refusing to sign a disputed evaluation—an even stronger inference of retaliatory motive.

12. In *Pilot v. Duffy*, No. 24-2203, 2025 WL 4267893, at *3 (8th Cir. July 10, 2025), the Eighth Circuit reaffirmed that retaliation claims without direct evidence are evaluated under the *McDonnell Douglas* framework.

## C. Pretext Inference

13. Once an employer's reasons are shown to be false, the jury may infer intentional discrimination. This principle, rooted in the Eighth Circuit and affirmed in *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993), applies here because Defendants' shifting explanations contradict Plaintiff's documented performance ratings.

## D. Sex Discrimination via Retaliation

14. Defendant Jackson-Bell's statement that Plaintiff's feedback was unwelcome "because he has worked for the City before and has recently received his doctorate" reflects gendered assumptions about male authority and competence.

15. The Supreme Court in *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005), held that retaliation for complaining about discrimination is itself a form of intentional discrimination under Title IX, a principle applicable under Title VII in the Eighth Circuit.

## TABLE OF AUTHORITIES

**Cases**

- *Babb v. Wilkie*, 140 S. Ct. 1168 (2020) ................................................ 7, 8
- *Canning v. Creighton Univ.*, 995 F.3d 603 (8th Cir. 2021) ....................... 7, 31

3

- *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) .............................. 7, 9, 31
- *Haigh v. Gelita USA, Inc.*, 632 F.3d 464 (8th Cir. 2011) ...................... 7, 8, 31
- *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167 (2005) ............... 15, 33
- *Lightner v. Catalent CTS (Kansas City), LLC*, No. 22-2452, 2023 WL 8854400 (8th Cir. Dec. 26, 2023) .............................................. 11, 32
- *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ................. 10, 31, 32
- *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996) .... 11
- *Pilot v. Duffy*, No. 24-2203, 2025 WL 4267893 (8th Cir. July 10, 2025) ........................................................... 12, 32
- *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000) .......... 7
- *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993) ........................... 13, 31, 33
- *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981) ............. 11

**Statutes**

- Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. .................... 1, 31
- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ......................... 1, 31, 32
- 42 U.S.C. § 1981 ................................................................................................ 1, 33
- U.S. Const. amend. I ......................................................................................... 4, 8

**Other Authorities**

- 28 U.S.C. § 1331 ................................................................................................... 1
- 28 U.S.C. § 1391 ................................................................................................... 2

## IV. STATEMENT OF FACTS

1. Plaintiff was hired on December 16, 2024, as a Healthcare Compliance Specialist in the City of St. Louis Department of Health – Grant Administration Division, with a probationary period scheduled to end June 2, 2025.

2. On May 30, 2025, Plaintiff received a six-month performance evaluation rating him "successful" and "highly successful," confirming that he met or exceeded job expectations.

4

3. On June 4, 2025, two days after his probationary period ended, Plaintiff was presented with a third revised evaluation that, despite the positive ratings, extended his probation. Plaintiff questioned the fairness of this change and declined to sign, invoking his First Amendment rights and his right to request a hearing before the Civil Service Commission.

4. Defendant Jackson-Bell terminated Plaintiff within six minutes of her refusal to sign, citing instructions from Commissioner Anwuri, and had armed police escort Plaintiff from the workplace, resulting in public humiliation.

5. At the time, Plaintiff was the only male and the only employee over age 60 in the division, outside of his supervisor, Sylvia Jackson-Bell. Younger female employees under 40 received training, tools, and onboarding support that Plaintiff was denied.

6. Defendant Jackson-Bell made repeated age-based remarks, including, "I know you won't be here long, but at least give me a year," and resisted Plaintiff's contributions as an experienced male professional. She dismissed his proposed operational improvements with statements such as, "That's why the other fellows left," and "This is how we do it here."

7. Management questioned Plaintiff's ability to adapt to "outdated systems," not due to any lack of skill, but because of bias against change initiated by an older, highly educated male.

8. Following his termination, Plaintiff's duties were reassigned to a significantly younger female employee, consistent with *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996), which recognizes that replacement by a younger worker supports an inference of age discrimination.

9. These facts satisfy the *McDonnell Douglas* burden-shifting framework: Plaintiff was qualified for his position, suffered an adverse employment action, and was replaced by a substantially younger female under circumstances strongly suggesting that age, sex, and retaliation were motivating factors.

## V. CAUSES OF ACTION

### COUNT I – AGE DISCRIMINATION (ADEA)

(29 U.S.C. § 621 et seq.)

Plaintiff realleges all preceding paragraphs. Defendants violated the ADEA by terminating Plaintiff because of his age. Plaintiff meets the prima facie case under *Canning*, the proffered reasons are pretext under *Haigh* and *St. Mary's*, and age was the but-for cause under *Gross*.

## COUNT II – RETALIATION (TITLE VII and ADEA)

Defendants retaliated against Plaintiff for engaging in protected activity, including: (1) refusing to alter or remove his written comments from his performance evaluation — comments made in the course of exercising his First Amendment right to freedom of speech regarding the lack of training and resource tools necessary to produce efficient outcomes — and (2) refusing to sign a third revised evaluation that unjustly extended his probation, and (3) invoking his right to a hearing before the Civil Service Commission.

The refusal to change or remove these comments, which addressed operational deficiencies and the need for adequate resources, constituted speech on matters of public concern directly related to workplace efficiency and public health outcomes. Defendants' adverse action — termination within **six minutes** of this refusal — demonstrates strong temporal proximity and causation, consistent with the holding in *Lightner v. Catalent CTS (Kansas City), LLC*, No. 22-2452, 2023 WL 8854400, at *5 (8th Cir. Dec. 26, 2023).

This claim survives under the *McDonnell Douglas* burden-shifting framework as reaffirmed in *Pilot v. Duffy*, No. 24-2203, 2025 WL 4267893, at *3 (8th Cir. July 10, 2025), because Defendants' stated reasons for the termination are pretextual and the protected activity was a substantial and motivating factor in the adverse employment action.

## COUNT III – SEX DISCRIMINATION VIA RETALIATION (TITLE VII)

Plaintiff realleges all preceding paragraphs. Defendant Jackson-Bell's preferential treatment toward younger female employees, combined with dismissal of male professional input, constitutes sex discrimination. Retaliation following protected speech constitutes intentional discrimination under *Jackson v. Birmingham Bd. of Educ.*.

## COUNT IV – RACE DISCRIMINATION (42 U.S.C. § 1981)

Plaintiff realleges all preceding paragraphs. Defendants treated Plaintiff differently because of his race by denying him the training, tools, and support provided to similarly situated employees.

6

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Order Defendants to reinstate Plaintiff to his position or an equivalent position;

b. Award Plaintiff back pay and front pay;

c. Award compensatory and punitive damages;

d. Award Plaintiff's reasonable attorneys' fees and costs;

e. Grant such other and further relief as the Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

*/s/ Theoda E. Mills, Jr.*

Dr. Theoda E. Mills, Jr., DM, MBA, MM, MHA
Pro Se Plaintiff
8638 Oriole Ave
St. Louis, MO 63147
Phone: (314) 494-7656
Email: TedMillsSTL1@gmail.com

## EXHIBITS

- Exhibit A – EEOC Right-to-Sue Letter
- Exhibit B – Six-Month Evaluation

# Defendant Names and Addresses

### *Department of Personnel/Civil Service & EEOC/City of Saint Louis*

Tonnette R. Harris, MPA, JD. - Defendant

Senior HR specialist/City of St. Louis

Mel Carnahan Courthouse

1114 Market Street #711

Saint Louis, MO 63101-2043

### *City of Saint Louis Department of Health Department*

Victoria Anwuri- Defendant

Commissioner of Health/City of St. Louis

1520 Market Street

Saint Louis, MO 63103

Sylvia Jackson- Bell – Defendant

Grant Manager – Grant Administration Division/City of St. Louis

1520 Market Street

Saint Louis, MO 63103

Dr. Theoda E. Mills, Jr. - Plaintiff

8638 Oriole Ave

St. Louis, MO 63147 -1306