# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| THEODA E. MILLS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF ST. LOUIS, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 4:25-cv-01219-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. [2]. The Court must deny it. First, Plaintiff's application is unsigned. *See id.* It therefore fails to qualify under 28 U.S.C. § 1915(a)(1). *See also id.* at § 1746 (allowing for unsworn declarations under penalty of perjury in place of affidavits).[1] That threshold issue aside, Plaintiff's Application left multiple sections entirely blank, including the question asking about cash assets and other assets like automobiles, real estate, and other things of value. *See* Doc. [2]

Though the Court must deny the Application, it will do so *without* prejudice. Plaintiff may carefully complete another one, in its entirety, sign it, and refile it with the Court. The Court reminds Plaintiff that any statements he makes on the form are made under penalty of perjury. *See* 28 U.S.C. § 1621 (punishing perjury with a fine and imprisonment of up to five years). Plaintiff must disclose all his assets and provide the

---

[1] By being unsigned, the filing also violates the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) (requiring "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented.").

Court with his expenses so the Court can determine whether Plaintiff can pay the filing fee here "without undue hardship." *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *accord Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (explaining that a litigant need not be "absolutely destitute" to qualify to proceed *in forma pauperis*). Alternatively, Plaintiff may prepay the $405 filing fee to the Court.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [2], is **DENIED** without prejudice. No later than **Friday**, **September 12, 2025**, Plaintiff shall file a fully completed application to proceed in district court without prepaying fees or costs *or* shall pay the $405 filing fee to the Court. **Failure to complete one of those two options will result in the dismissal of this action without further notice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED** without prejudice.

Dated this 13th day of August 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] In addition, the Court will deny Plaintiff's Motion to Appoint Counsel. Doc. [3]. Even assuming, for purposes of this Motion, that Plaintiff is indigent, he failed to complete the form motion in its entirety. *See* Doc. [3]. And, in any event, he has otherwise not established that appointed counsel is appropriate at this stage in this case. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (discussing the "relevant factors" a district court should consider when "determining whether to appoint counsel for an indigent civil litigant").