RECEIVED
NOV 25 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MISSOURI**

Dr. Theoda E. Mills, Jr.,

Plaintiff,

v.

City of St. Louis, et al.,

Defendants.

Case No. 4:25-cv-01219-MTS

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT UNDER RULE 55(c)**

---

Plaintiff Dr. Theoda E. Mills, Jr. respectfully submits this Memorandum in Opposition to Defendants' Motion to Set Aside Default. Defendants fail all three mandatory factors under Federal Rule of Civil Procedure 55(c):

1. They cannot establish good cause.
2. They have not presented a meritorious defense, and
3. Setting aside the default would prejudice Plaintiff, a pro se litigant who has acted diligently and in good faith.

Because failure on any one factor requires denial of a Rule 55(c) motion, the Court must deny Defendants' request. United States v. $34,900.00, 754 F.3d 1051, 1057 (8th Cir. 2014).

---

**TABLE OF AUTHORITIES**

**Cases**

Brown v. Frey, 806 F.2d 801 (8th Cir. 1986)

Cody v. Mello, 59 F.3d 13 (2d Cir. 1995)

Harrison v. Union Pacific R.R. Co., No. 8:13-cv-316, 2014 WL 12665830 (D. Neb. June 2, 2014)

Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781 (8th Cir. 1998)

United States v. $34,900.00, 754 F.3d 1051 (8th Cir. 2014)

---

**Statutes**

42 U.S.C. § 1983

42 U.S.C. § 2000e

Mo. Rev. Stat. § 610.010 et seq. (Missouri Sunshine Law)

---

**Federal Rules**

Fed. R. Civ. P. 4

Fed. R. Civ. P. 10(a)

Fed. R. Civ. P. 12(a)(1)(A)

Fed. R. Civ. P. 55(a), 55(c)

Fed. R. Civ. P. 60(b)

---

**I. INTRODUCTION**

Defendants City of St. Louis, Sylvia Jackson-Bell, and Victoria Anwuri were properly served on October 23, 2025. *(See Proofs of Service, Exhibit 1: ECF 10, 11,12.)* Under Rule 12(a)(1)(A), their responsive pleading was due 21 days later, on November 13, 2025.

They filed nothing:

- No Answer,
- No Motion to Dismiss,
- No Motion for Extension of Time,
- No entry of appearance, and
- No communication or contact with Plaintiff.
- No motions at all before default.

Plaintiff, acting in good faith, waited an additional five days past the latest possible deadline before requesting a Clerk's Entry of Default on November 18, 2025. *(See Timeline of Service, Deadlines, and Default, Exhibit 2: ECF 16.)*

Only after default was entered—and only after Plaintiff filed his Motion for Default Judgment with detailed evidence and emailed the Defendant a Settlement Demand Letter on November 21, 2025 *(Refer to Email of Settlement Demand Letter)*—did Defendants appear, citing:

1. calendaring error,
2. attorney medical leave; and
3. internal oversight and staffing issues

None of these excuses constitutes "good cause" under binding Eighth Circuit precedent.

**Notice of Non-Opposition**

Defendants also did not file any reply brief to respond to the arguments and authorities raised in Plaintiff's Motion for Default Judgment. Under Local Rule 4.01(E), failure to file a timely

response constitutes a concession of the merits of Plaintiff's arguments. Their silence further demonstrates ongoing disregard for procedural obligations and reinforces that no good cause exists to disturb the default.

*The Eighth Circuit is unequivocal:*

"Carelessness, neglect, miscalendaring, office error, or personnel issues do not constitute good cause."

Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784–85 (8th Cir. 1998).

Defendants also fail to present a meritorious defense, and setting aside the default would substantially prejudice Plaintiff, a pro se litigant who has already invested considerable time, effort, and financial resources. *(Refer to Declaration of Dr. Mills Re: Prejudice, Exhibit 4)*

Because Defendants fail all three Rule 55(c) factors, their motion must be denied.

---

## II. LEGAL STANDARD (RULE 55(c))

To set aside an entry of default under Rule 55(c), Defendants bear the burden of proving all three of the following:

1. Good cause for the default,
2. A meritorious defense; and
3. No prejudice to the plaintiff.

Johnson, 140 F.3d at 784.

Failure on any one factor requires denial. United States v. $34,900.00, 754 F.3d at 1057.

---

## III. ARGUMENT

### A. Defendants cannot establish "good cause."

**1. Defendants missed their deadline under both possible service dates.**

The service dates and deadlines are straightforward and undisputed:

| Service Date | Rule 12(a) Deadline | Response Filed? |
|---|---|---|
| October 23, 2025 | November 13, 2025 | **No** |

(See Exhibits 1 and 2.)

Defendants did not request an extension, did not appear, and did not communicate with Plaintiff or the Court. The Eighth Circuit is clear that:

"Carelessness or failure to monitor litigation is not good cause."

Johnson, 140 F.3d at 784.

**2. Plaintiff waited five additional days before seeking default.**

Plaintiff did not seek a "gotcha" default. As shown in the Timeline (Exhibit 2), he waited until November 19, 2025—five days after the latest possible Rule 12(a) deadline—before seeking entry of default.

This demonstrates:

- patience.
- good faith; and
- lack of gamesmanship.

Defendants cannot plausibly attribute their failure to respond to any "surprise" or "ambush" by Plaintiff. The City Counselor's Office had actual and repeated notice of this litigation and of Plaintiff's underlying claims well before the Rule 12 deadline expired. Plaintiff provided written notice to City Counselor Marvin Garvin on October 27, 2025, via email and U.S. Certified Mail with Return Receipt. (Exhibits 6a, 6b, 6c.) Plaintiff issued a follow-up communication on October 30, 2025, including a Missouri Sunshine Law request. (Exhibit 7.) The City

acknowledged receipt and assigned a tracking number—Public Records Request R002592-103125—confirming institutional awareness of the dispute. (Exhibit 8.)

During this same period, Plaintiff maintained ongoing communications with the Custodian of Records, the Personnel Director, the City Counselor's Office, and the City Public Relations Officer, as documented in Exhibits 9a and 9b. These communications eliminate any conceivable argument that Defendants were unaware of the case, the allegations, or the need to respond. Defendants' failure to appear cannot be attributed to lack of notice; it was the result of their own neglect.

**3. Calendaring errors, medical leave, and office mistakes are not good cause.**

Defendants' Motion cites calendaring error, medical leave, and office oversight. Binding Eighth Circuit law forecloses these excuses:

- "Negligence or mistake by counsel is not enough to set aside a default."

  Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986).
- "Carelessness of counsel does not constitute good cause."

  Johnson, 140 F.3d at 784.
- "Heavy workload or office problems do not excuse default."

  Harrison v. Union Pacific R.R. Co., 2014 WL 12665830.

The City Counselor's Office is a staffed municipal law department employing dozens of attorneys. The temporary medical leave of one attorney does not relieve the City of its legal obligations, particularly when any attorney in the office could have filed a simple motion for extension. Public entities are held to a high standard of diligence. See Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (institutional defendants must maintain continuity of representation and cannot rely on staff issues to excuse missed deadlines).

**4. The pattern of inaction shows willful disregard, not good cause.**

The undisputed sequence is:

- Service on or about October 23, 2025 (Exhibit 1);
- Response deadline November 13, 2025 (Exhibit 2);
- No Answer, no motion, no appearance, and no communication.
- Plaintiff waited five extra days.
- Clerk's Entry of Default.
- Plaintiff filed a detailed Motion for Default Judgment (Exhibit 3).
- Only when Plaintiff sent a Demand Letter on November 21, 2025(Exhibit 5: Settlement Demand Letter), then Defendants file a claim of "oversight," "medical leave, and other issues.

This pattern reflects willful disregard, not excusable neglect. Johnson, 140 F.3d at 784. Having ignored their obligations until default was entered, Defendants now seek to blame internal office issues that are legally insufficient.

Because Defendants cannot satisfy the first Rule 55(c) factor—good cause—the Court may deny their motion on this basis alone. Even if the Court proceeds to the remaining factors, Defendants fail those as well.

---

**B. Defendants have not shown a meritorious defense.**

To establish a meritorious defense, a defendant must present specific facts that, if proven, would constitute a complete or partial legal defense. Conclusory assertions, general denials, or a mere desire to litigate on the merits are insufficient. United States v. $34,900.00, 754 F.3d at 1057. Defendants provide none.

They do not address:

- the unlawful armed escort from the workplace.
- the altered Working Test Period evaluation.
- retaliation for protected activity.
- disability-related accommodation failures.
- retaliation in violation of the Missouri Sunshine Law.
- Loudermill due-process violations.
- delayed access to retirement funds.
- HR procedural irregularities in the Working Test Period and separation process.

  (See Plaintiff's Declaration Exhibit 4) and supporting exhibits in support of the Motion for Default Judgment, Exhibits 3 and Exhibits 5a, 5b, & 5c)

They have filed:

- no affidavits.
- no factual counter-narratives.
- no documentary evidence.
- no declaration from supervisors.
- no articulated legitimate, nondiscriminatory reason for termination.
- no evidence undermining Plaintiff's sworn account.

A defendant's statement that it "wishes to litigate the case on the merits" does not meet Rule 55(c). The rule requires a concrete, legally cognizable factual defense. Defendants have offered none and therefore fail the second prong.

---

**C. Setting aside the default would prejudice Plaintiff.**

Prejudice exists when there is a delay:

- increases litigation costs.
- enables defendants to coordinate explanations or craft post-hoc justifications.
- risks alteration or loss of records.
- imposes financial and strategic strain on a pro se litigant; and
- prolongs emotional and financial harm. *See Harrison, 2014 WL 12665830.*

Here, Plaintiff has already:

- expended substantial time and financial resources in preparing his Complaint, Motion for Default Judgment, supporting declaration, and exhibits (Exhibits 3, Exhibits 4).
- suffered continued financial hardship stemming from Defendants' conduct and loss of employment.
- relied on Defendants' silence in preparing comprehensive filings and case materials in anticipation of judgment.
- been forced to respond to repeated procedural failures and delays caused solely by Defendants.

Allowing Defendants to reopen this case months later would:

- materially increase Plaintiff's litigation costs.
- delay final resolution.
- provide Defendants additional time to coordinate explanations or reconstruct internal records; and
- prolong the emotional and financial harm to Plaintiff.

The prejudice is real and substantial, not speculative. As a self-represented litigant with limited resources, Plaintiff would be disproportionately harmed by reopening the case after default was properly entered.

Defendants therefore fail the third required element under Rule 55(c).

---

## IV. SUPPORTING EXHIBITS

Plaintiff incorporates and relies on the following exhibits in opposition to Defendants' motion:

- **Exhibit 1** – Proofs of Service on City of St. Louis, Sylvia Jackson-Bell, and Victoria Anwuri.
- **Exhibit 2** – Timeline of Service, Rule 12(a) Deadlines, Clerk's Entry of Default, and Plaintiff's Motion for Default Judgment.
- **Exhibit 3** – Plaintiff's Motion for Default Judgment and supporting declaration (previously filed on the dock), demonstrating the factual basis for liability and damages.
- **Exhibit 4** – Declaration of Dr. Theoda E. Mills, Jr. regarding prejudice, financial hardship, and reliance on Defendants' failure to respond.
- **Exhibit 5a, 5b, 5c**– Settlement Demand Letter, sent via Email & U.S. Certified Mail – Return Receipt sent November 21, 2025.
- **Exhibit 6a, 6b & 6c–** Missouri Sunshine Law Request to City Counselor Marvin Garvin on October 27, 2025.
- **Exhibit 7**- Request Access and Copies of Public Records, October 30, 2025 – Request to City Counselor Marvin Garvn, Esq, and John Unnerstall, Personnel Director
- **Exhibit 8** – Public Record Request granted on October 31, 2025 – Custodian of Records
- **Exhibit 9a & 9b-** Sunshine Request and GovQA Communication from City Counselor's

Office & Tracking Checklist – November 7, 2025

Plaintiff respectfully requests that the Court consider these exhibits as part of the record in ruling on Defendants' Rule 55(c) motion.

---

## V. CONCLUSION

Defendants fail all three Rule 55(c) requirements:

1. **No good cause** — internal errors, miscalendaring, staffing shortages, and personal leave are not valid excuses for ignoring federal deadlines.
2. **No meritorious defense** — Defendants provide no specific factual or legal defense that would defeat Plaintiff's claims.
3. **Substantial prejudice to Plaintiff** — additional delay would cause significant financial, procedural, and emotional harm to a pro se litigant who has diligently pursued his rights.
4. Default was the result of Defendants' own disregard of the Federal Rules of Civil Procedure and this Court's deadlines.
5. For these reasons, Plaintiff respectfully requests that the Court:

**DENY Defendants' Motion to Set Aside Default.**

---

Respectfully submitted,

Dr. Theodore C. Miller

Plaintiff, Pro Se
St. Louis, Missouri