UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODA E. MILLS, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:25-cv-1219-MTS |
| CITY OF ST. LOUIS, *et al.*, | ) ) ) |
| Defendants. | ) |

### ORDER TO SHOW CAUSE

Plaintiff's Memorandum in Opposition to Defendants' Motion to Set Aside Default Under Rule 55(c), Doc. [20], has a troubling problem. Multiple times Plaintiff cites to nonexistent cases or purports to provide quotations from real cases that contain no such statement.[1] These errors bear the hallmarks of artificial intelligence hallucinations. *See* Jessica R. Gunder, *Why Can't I Have a Robot Lawyer? Limits on the Right to Appear Pro Se*, 98 Tul. L. Rev. 363, 406 (2024) (explaining AI technology "hallucinates," meaning "it lies about facts or invents them" and recognizing that this flaw is "fundamentally incompatible with our justice system," which "depends on integrity and honesty from the parties").

For example, three times Plaintiff cites to a case he calls "*Harrison v. Union Pacific R.R. Co.*" he says is out of the United States District Court for the District of Nebraska. He claims its case number is "8:13-cv-316," and that its Westlaw citation is "2014 WL 12665830." Doc. [20] at 2. That case number in the District of Nebraska belongs to *Jarrett v. United States*, and that Westlaw citation belongs to *State of Wisconsin v. Lanier*, out of the Court of Appeals of Wisconsin. Neither *Jarrett* nor *Lanier* has anything to do with setting

---

[1] A review of Plaintiff's other filings reveals additional instances, albeit less egregious ones, where Plaintiff has misquoted cases. *See, e.g.*, Doc. [1] ¶ 8.

aside an entry of default.[2]  As an example of a fictious quotation, Plaintiff claims to quote the United States Court of Appeals for the Eighth Circuit in *Johnson v. Dayton Electric Manufacturing Co.* as saying: "Carelessness, neglect, miscalendaring, office error, or personnel issues do not constitute good cause."  Doc. [20] at 4 (purporting to quote *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784–85 (8th Cir. 1998)).  This Court was unable to find that quote in *any* case, Eighth Circuit or otherwise.  *See also* Doc. [22] at 3–5 (Defendants noting these same issues with Plaintiff's Memorandum).

By signing his Memorandum and presenting it to the Court, Plaintiff "certifie[d] that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that he was not presenting it "for any improper purpose" and that the "legal contentions" he made within the Memorandum were "warranted by existing law."  Fed. R. Civ. P. 11(b).  Providing the Court with fake cases and forged quotations cannot be squared with Rule 11(b).  As other courts have recognized, "[e]very filing in a federal court that contains citations to phony case law amounts to a violation of Rule 11(b) of the Federal Rules of Civil Procedure."  *Turnage v. Associated Bank, N.A.*, 0:25-cv-3004-ECT, 2025 WL 3052638, at *3 (D. Minn. Sept. 12, 2025); *accord Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025); *Elizondo v. City of Laredo*, 5:25-cv-0050-MGM, 2025 WL 2071072, at *2 (S.D. Tex. July 23, 2025).

The Court will require Plaintiff to show cause why the conduct specifically described herein has not violated Rule 11(b).  *See* Fed. R. Civ. P. 11(c)(3).[3]  And since Rule 11 makes

---

[2] There is a case from this Court entitled *Harrison v. Union Pacific Railroad Co.*, but it had nothing to do with setting aside an entry of default.  45 F. Supp. 2d 680 (E.D. Mo. 1999).

[3] Though Plaintiff is proceeding *pro se*, it does not make his actions any less violative of the rule because "[t]here is no *pro se* exception to Rule 11(b)."  *Turnage*, 2025 WL 3052638, at *3;

sanctions mandatory when a violation of the Rule occurs, *see O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987), Plaintiff may also opine on what sanction would be appropriate, should the Court conclude he indeed violated Rule 11(b).  *See* Fed. R. Civ. P. 11(c)(4) (providing for the nature of sanctions); *see also Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (recognizing that district courts have "broad discretion in the choice of sanctions"); *Mariani v. Drs. Assocs., Inc.*, 983 F.2d 5, 7 (1st Cir. 1993) (noting district courts have "broad discretion in . . . fashioning Rule 11 sanctions").

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Tuesday**, **December 16, 2025**, Plaintiff Theoda E. Mills shall show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11(b) for the inclusion of nonexistent case law and quotations in his Memorandum in Opposition to Defendants' Motion to Set Aside Default under Rule 55(c). *See* Doc. [20].

Dated this 3rd day of December 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

*accord Ferguson v. Comm'r of Tax & Fin.*, 739 F. App'x 19, 22 (2d Cir. 2018); *Ihli v. Cutrera*, 172 F.3d 868 (5th Cir. 1999) (per curiam) (table decision); *Bryer v. Creati*, 915 F.2d 1556 (1st Cir. 1990) (per curiam).  *See also Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.").