RECEIVED

DEC - 8 2025

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**Dr. Theoda E. Mills, Jr.,**

Plaintiff,

v.

**City of St. Louis, Missouri, et al.,**

Defendants.

Case No. 4:25-cv-01219-MTS

---

**PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL**

AND REQUEST TO POSTPONE FURTHER PROCEEDINGS (INCLUDING DOC. 26)

UNTIL THIS MOTION IS DECIDED

**28 U.S.C. § 1915(e)(1)**

---

## TABLE OF AUTHORITIES

**Cases**

*Haines v. Kerner*, 404 U.S. 519 (1972)

*Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781 (8th Cir. 1998)

*Zekert v. Fieldworks, LLC*, No. 4:20-cv-00471-RWS

(E.D. Mo. Apr. 29, 2020)

**Statutes**

28 U.S.C. § 1915(e)(1)

**Rules**

Fed. R. Civ. P. 11(b)

Fed. R. Civ. P. 55(c)

---

## MOTION

COMES NOW Plaintiff, **Dr. Theoda E. Mills, Jr.**, pro se, and respectfully renews his Motion for Appointment of Counsel pursuant to *28 U.S.C. § 1915(e)(1).* This renewed motion is submitted in light of recent procedural developments, including the Court's *Rule 11(b) Order (Doc. 26)*, the vacatur of default, and Defendants' pending Rule 55(c) filings.

Plaintiff further moves the Court to *postpone consideration of Doc. 26 and all associated deadlines* until the Court rules on this motion, as the issues raised are legally complex and intertwined with matters requiring professionally trained legal representation.

---

## I. PROCEDURAL BACKGROUND

1. Plaintiff filed his Complaint, IFP Application (Doc. 2), and initial Motion for Appointment of Counsel (Doc. 3) on August 12, 2025.
2. The Court denied Doc. 2 and Doc. 3 without prejudice (Doc. 4) because Doc. 2 was incomplete.
3. Plaintiff promptly cured the deficiency and, to ensure full compliance, prepaid the *$405 filing fee* before the deadline.
4. Because the denial of counsel was procedural and not based on the merits, Plaintiff reasonably understood that no renewed motion was required unless directed by the Court.
5. The Court has not yet conducted a substantive evaluation under *§ 1915(e)(1)* as to whether exceptional circumstances warrant appointment of counsel.

6. The Court's issuance of a Rule 11(b) Order (Doc. 26) and the complexity of Defendants' Rule 55(c) filings now significantly heighten the need for counsel.

---

## II. LEGAL STANDARD FOR APPOINTMENT OF COUNSEL

Under *28 U.S.C. § 1915(e)(1),* a court may request that an attorney represent an indigent civil litigant. Courts within the Eastern District of Missouri evaluate whether *exceptional circumstances* warrant appointment of counsel.

In *Zekert v. Fieldworks, LLC,* No. 4:20-cv-00471-RWS (E.D. Mo. Apr. 29, 2020), this Court appointed counsel where:

- the pro se litigant faced significant difficulty navigating procedural rules,
- the legal issues were complex, and
- appointment of counsel would assist the Court in efficient and just adjudication.
- Similarly, the Supreme Court held in *Haines v. Kerner*, 404 U.S. 519 (1972), that courts must ensure pro se litigants are given fair opportunity to present claims.

---

## III. EXCEPTIONAL CIRCUMSTANCES EXIST IN THIS CASE

### A. This case presents complex factual and legal issues

Plaintiff alleges discrimination, retaliation, and constitutional violations by municipal actors.

These claims implicate:

- procedural rules under *Rule 55(c),*
- federal pleading standards, and
- the legal analysis required under municipal liability doctrine.

**B. Plaintiff lacks access to essential legal research tools**

Plaintiff does not have access to Westlaw, Lexis, Bloomberg, or federal civil-rights treatises. These constraints contributed to citation issues referenced in the Court's Rule 11(b) Order.

**C. Defendants possess substantially greater legal resources**

Defendants are represented by the City Counselor's Office. Plaintiff, a pro se litigant, faces a severe resource imbalance.

**D. Plaintiff has acted diligently and in good faith**

Plaintiff has complied with every directive, corrected deficiencies promptly, and has attempted, despite limited legal tools, to meet the Court's expectations.

Similar circumstances led this Court to appoint counsel in *Zekert.*

---

## IV. THE RULE 11(b) CONTEXT FURTHER SUPPORTS APPOINTMENT

The Rule 11(b) concerns raised by the Court underscore the need for legal representation. Appointment of counsel would:

- prevent further citation or formatting errors,
- ensure strict compliance with Local Rules and the Federal Rules,
- aid the Court in adjudicating complex procedural matters efficiently, and
- shift the focus toward the merits rather than inadvertent procedural missteps.

Counsel is therefore necessary to protect the integrity of the proceedings.

---

## V. PLAINTIFF HAS ATTEMPTED TO SECURE PRIVATE COUNSEL

Plaintiff contacted multiple private attorneys and legal organizations. None declined based on merit; rather, all cited workload constraints or resource limitations. Plaintiff cannot afford retained counsel.

---

## VI. REQUEST TO POSTPONE CONSIDERATION OF DOC. 26 UNTIL THIS MOTION IS DECIDED

Plaintiff respectfully requests that the Court *postpone all obligations, deadlines, or filings related to Doc. 26* pending resolution of this motion.

This request is not made for delay, but to ensure:

- orderly judicial administration,
- compliance with the Court's Rule 11(b) expectations,
- avoidance of inadvertent error, and
- fairness in allowing counsel to assist with the substantive response required.

---

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Grant Plaintiff's Renewed Motion for Appointment of Counsel** under 28 U.S.C. § 1915(e)(1);
2. **Postpone consideration of Doc. 26 and all associated deadlines** pending resolution of this motion;
3. Refer this matter to the Court's **Pro Bono Civil Justice Panel** or any willing attorney; and
4. Grant such other and further relief as the Court deems just and proper.

---

**Respectfully submitted,**

Plaintiff, Pro Se

St. Louis, Missouri

Email: TedMillsStl1@gmail.com

Phone: 314-494-7656