**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

THEODA E. MILLS, JR., )
)
Plaintiff, )
)
vs. ) Case No. 4:25-cv-01219-MTS
)
CITY OF ST. LOUIS, *et al.*, )
)
Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. Doc. [32]; *see also* 28 U.S.C. § 1915(e)(1). Upon review and consideration of the Motion, the Court will deny it. A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *accord Walker v. Price*, 900 F.3d 933, 935 (7th Cir. 2018) (Barrett, J.). This is true even for cases presenting "employment discrimination claims." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). A district court may choose to appoint counsel in a civil case, though, if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).

Here, Plaintiff has not established that he is indigent and unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). Indeed, he prepaid the filing fee in full. *Cf. id.* § 1915(a)(1). And, in any event, this employment discrimination case appears to be "one in which a

contingent fee arrangement is feasible." *See Hudak v. Curators of Univ. of Mo.*, 586 F.2d 105, 106 (8th Cir. 1978) (affirming denial of motion for appointment of counsel); *see also Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989) (per curiam) ("It is simply not true that the suits of individuals are generally financed by their personal means."). If Plaintiff has trouble hiring an attorney to represent him in this case, it probably speaks more to the likelihood of his success than his indigency. *See McSean v. Chamberlain*, 4:23-cv-1225-MTS, 2025 WL 2591642, at *2 (E.D. Mo. Sept. 8, 2025).

Besides that threshold issue, Plaintiff has not provided sufficient explanation showing an appointed attorney is appropriate in this case. *See Phillips*, 437 F.3d at 794; *see also Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't*, 558 F. App'x 919, 923 (11th Cir. 2014) (per curiam) (noting that a district court should only appoint counsel to an indigent plaintiff "in exceptional circumstances").[1] When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the legal and factual complexity of the case, the ability of the pro se litigant to investigate the facts and present his claim, and the existence of conflicting testimony. *Phillips*, 437 F.3d at 794.

This case is not unusually complex, factually or legally. *See Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D. Kan. 2000) (finding that the "factual and

[1] Plaintiff directs the Court to *Zekert v. FieldWorks, LLC*, 4:20-cv-0471-RWS, 2020 WL 1666489, at *2 (E.D. Mo. Apr. 3, 2020), claiming that the court appointed counsel after finding the pro se litigant faced significant difficulty navigating procedural rules and that the legal issues were complex. A review of the docket in that case, though, shows the court did not appoint counsel there. This instance is yet another example of Plaintiff misrepresenting case law to the Court. *See* Doc. [26].

legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). And—aside from the serious instances where he provided the Court with fake case law—Plaintiff has shown that he is able to present his allegations and arguments to the Court.[2] Indeed, Plaintiff indicates that he as a doctorate degree; he should be more than capable of litigating this case himself. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc) (noting that determining a plaintiff's competence to litigate his own case involves consideration of "the plaintiff's literacy, communication skills, [and] educational level"); *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993) (similar).

For all these reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [32], is **DENIED**. Plaintiff's filings remain due on **December 16, 2025**. *See* Doc. [25], [26], and [31].

Dated this 10th day of December 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

[2] Plaintiff cites the pending Show Cause Order as among the reasons the Court should appoint him an attorney. But the Court will not reward Plaintiff for his misbehavior. *Cf. Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 279 (4th Cir. 2005) (noting a party should not be able to "capitalize on his noncompliance with the court's rules").