UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODA E. MILLS, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF ST. LOUIS, *et al.*, )<br>)<br>Defendants. ) | Case No. 4:25-cv-1219-MTS |

### MEMORANDUM AND ORDER

Before the Court are Plaintiff's response to the Courts Orders to Show Cause, Doc. [35]; *see also* Fed. R. Civ. P. 11(c)(3), and Defendants' unopposed Motion to Dismiss, Doc. [23]. After due consideration, the Court finds that this action should be dismissed for two independent reasons. Therefore, as explained in more detail below, the Court will dismiss Plaintiff's action with prejudice.

\*

Theoda E. Mills, Jr. filed this *pro se* employment discrimination case against the City of St. Louis, Sylvia Jackson-Bell, and Victoria Anwuri alleging that they discriminated against him based on his age and sex and also subjected him to retaliation. Doc. [1]. From the start of this action, Plaintiff's filings contained misquotations or misrepresentations about case law he cited and discussed. *See, e.g.*, *id.* ¶ 8. The egregiousness of these misstatements increased over time and progressed to Plaintiff citing cases that do not even exist and including wholly fabricated quotations from cases that do. *See Mills v. City of St. Louis*, 4:25-cv-1219-MTS, 2025 WL 3470293, at \*1

(E.D. Mo. Dec. 3, 2025) (providing multiple examples of Plaintiff's misstatements). For this misconduct, the Court required him to show cause why it should not sanction him under Federal Rule of Civil Procedure 11(c)(3). *Id.* Plaintiff filed his response, Doc. [35], which the Court has reviewed and considered.

As the Court explained in its show cause order, Plaintiff's errors "bear the hallmarks of artificial intelligence hallucinations." *Mills*, 2025 WL 3470293 at *1. While Plaintiff does not specifically own up to using artificial intelligence to write his filings, he acknowledges that he used "electronic drafting tools that paraphrase legal principles." Doc. [35] at 2. He "mistakenly believed," he adds, that "those summaries accurately reflected the holdings of the cited cases." *Id.* But "all litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal." *Jones v. Kankakee Cnty. Sheriff's Dep't*, --- F.4th ----, No. 25-1251, 2026 WL 157661, at *3 (7th Cir. Jan. 21, 2026).

Whether Plaintiff used artificial intelligence is largely beside the point in a determination of whether he violated Rule 11 because the fact remains that he provided the Court with multiple filings that contained fictitious and misleading information. Whatever the reason, this kind of misinformation is "fundamentally incompatible with our justice system," a system that "is constructed in a way that depends on integrity and honesty from the parties." *See* Jessica R. Gunder, *Why Can't I Have a Robot Lawyer? Limits on the Right to Appear Pro Se*, 98 Tul. L. Rev. 363, 406 (2024). Thus, regardless of the origins of the fake case law and quotations, Plaintiff's "attempt to persuade a court

or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *See Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023).

As other courts have recognized, "[e]very filing in a federal court that contains citations to phony case law amounts to a violation of Rule 11(b) of the Federal Rules of Civil Procedure." *Turnage v. Associated Bank, N.A.*, 0:25-cv-3004-ECT, 2025 WL 3052638, at *3 (D. Minn. Sept. 12, 2025), *aff'd summarily*, 25-3092 (8th Cir. Nov. 25, 2025); *accord Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025); *Elizondo v. City of Laredo*, 5:25-cv-0050-MGM, 2025 WL 2071072, at *2 (S.D. Tex. July 23, 2025). Plaintiff's actions, regardless of the nature of their origin, violated Rule 11, and the Court concludes these violations warrant sanctions.[1] The question now is what sanction is appropriate here.

Choosing a Rule 11 sanction is a context-sensitive matter and should be based on a case-by-case inquiry. *See Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.*, 171 F.3d 52, 56 (1st Cir. 1999); *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 n.5 (6th Cir. 1992); *see also Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (recognizing that district courts have "broad discretion in the choice of sanctions"). After careful consideration of the facts and circumstances here, the Court finds that

---

[1] Previous versions of Rule 11(c) made sanctions mandatory upon the finding of a violation. *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). After Rule 11's amendment in 1993, district courts have discretion to determine whether sanctions are appropriate in response to a violation. Fed. R. Civ. P. 11(c) (providing "the court *may* impose an appropriate sanction" (emphasis added)); *Franklin v. Pinnacle Ent., Inc.*, 289 F.R.D. 278, 288 n.11 (E.D. Mo. 2012); *see also* 5A *Wright & Miller's Federal Practice & Procedure* § 1336.1 (4th ed.). Exercising this discretion often will involve fact-intensive close calls. *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1010 (8th Cir. 2006).

dismissal of this action is the appropriate sanction. *See Carman v. Treat*, 7 F.3d 1379, 1382 (8th Cir. 1993) (finding district court did not abuse its discretion by dismissing action with prejudice as a Rule 11 sanction); *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1305 (11th Cir. 2018) ("Certainly, the Federal Rules of Civil Procedure give courts authority to enter default judgments or dismissals as sanctions." (citing Fed. R. Civ. P. 11)).

Although the Court has considered the full range of facts and circumstances at play here, three key circumstances underpin the Court's chosen sanction. *See Clark*, 460 F.3d at 1008 (noting district courts should "explain the basis" for their chosen Rule 11 sanction). *First*, Plaintiff made numerous misstatements in multiple filings. His misconduct, in other words, was "part of a pattern of activity," not an "isolated event." *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. It is intuitive that a pattern of wrongdoing will, at least at times, "require stiffer sanctions than an isolated incident." *See In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 169 F.R.D. 598, 615 (D.N.J. 1997).

*Second*, even after the Court brought this matter to Plaintiff's attention, he continued this pattern of activity. Plaintiff made an objectively false representation regarding yet another case in a filing he made to the Court days after the Court's show cause order. *See* Doc. [32] at 3, 4 (claiming, multiple times, that this Court appointed counsel to the *pro se* plaintiff in *Zekert v. FieldWorks, LLC*, 4:20-cv-0471-RWS (E.D. Mo.), which the Court did not do). The Court views this additional misrepresentation as especially egregious given that the Court had put Plaintiff on notice of the falsification

issue and its seriousness.[2]  So, while even "a pure heart and empty head" is not enough to "avoid the sting of Rule 11 sanctions," *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994), and regardless of Plaintiff's state of mind when he made his earlier misrepresentations, he made this latest misrepresentation with more than mere negligence.  *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (noting courts may consider "[w]hether the improper conduct was willful, or negligent" when fashioning a sanction).

*Third*, Plaintiff simply should have known better.  He is a well-educated individual who has earned a doctorate degree in his field.  *Cf. Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc) (noting courts consider a plaintiff's literacy, communication skills, and educational level when determining his competence to litigate his own case).  To be sure, Plaintiff heavily leans into his self-represented status to excuse his misdeeds.  But "[t]here is no *pro se* exception to Rule 11(b)."  *Turnage*, 2025 WL 3052638, at *3; *accord Ferguson v. Comm'r of Tax & Fin.*, 739 F. App'x 19, 22 (2d Cir. 2018).  Not only has the U.S. Court of Appeals for the Eighth Circuit explained time and again that *pro se* representation "does not excuse a party from complying . . . with the Federal Rules of Civil Procedure," *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996), Rule 11's plain terms apply to an "unrepresented party," Fed. R. Civ. P. 11(b).  Declining to issue sanctions because a litigant is *pro se* "would effectively place

---

[2] There is no doubt that Plaintiff saw the Court's show cause order before he wrote and submitted this filing because he referenced the Court's "Rule 11(b) concerns" in the filing, right alongside his *Zekert* misrepresentations.  Doc. [32] at 4.

all unrepresented parties beyond the reach of Rule 11." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (per curiam).

With these considerations in mind, along with the broader facts and circumstances at play here, the Court has thoughtfully considered possible sanctions to arrive at one that is not more severe than reasonably necessary to deter repetition of the conduct by Plaintiff or comparable conduct by other litigants. *See* Fed. R. Civ. P. 11(c)(4). The Court does not find that an admonition, reprimand, or censure would be adequate here. The Court already put Plaintiff on notice of his misstatements, and he persisted in them. Likewise, requiring participation in seminars or other educational programs for this *pro se* Plaintiff would be neither adequate nor appropriate. And Plaintiff specifically has requested that any sanction be "*non-monetary*." *See* Doc. [35] at 4; *cf. White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990) (finding district courts must consider an "offender's ability to pay" Rule 11 monetary sanctions); *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998) (holding same). After measured consideration, the Court finds that dismissal of Plaintiff's instant action with prejudice is appropriate and necessary— but not more severe than necessary—to deter repetition of Plaintiff's conduct by him or other litigants.

It is true that, at least in other contexts, the Eighth Circuit has described the dismissal of a claim with prejudice as an "extremely harsh sanction." *See, e.g.*, *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 751 (8th Cir. 1996). This Court does not impose the sanction lightly or indiscriminately. But it does note that, here, dismissal with prejudice may, if anything, be an *inadequate* sanction given that dismissal of this action is

appropriate for another independent reason. *See Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 307 (7th Cir. 2002) (Posner, J.) ("Even dismissal with prejudice wouldn't be much of a sanction unless the plaintiff's suit was a winner, or at least had some settlement value, which it may not have had.").

Though the Court has decided that this action should be dismissed with prejudice as a sanction for Plaintiff's Rule 11 violations, this other matter is worth addressing if for no other reason than that it independently warrants dismissal of this action with prejudice. *See United States v. Files*, 63 F.4th 920, 935 n.4 (10th Cir. 2023) (Newson, J., joined by Tjoflat, J., concurring) (explaining that when district courts provide "redundant decisional grounds," it can "meaningfully increase judicial efficiency"); *see also, e.g.*, *Thomas v. Pangburn*, 4:23-cv-0046-RSB, 2023 WL 9425765, at *7 (S.D. Ga. Oct. 6, 2023) (recommending case be dismissed on the merits or, in the alternative, as a sanction for violating Rule 11). Defendants filed a Motion to Dismiss this action on November 28, 2025. Doc. [23]. The Court ordered Plaintiff to "file any opposition" to that Motion no later than December 16, 2025. Doc. [25]; *see also* Doc. [33] (reminding Plaintiff that his opposition was due on December 16, 2025). Forty-five days have passed since that Court-ordered deadline, but Plaintiff still has not opposed the Motion to Dismiss.

"The Court construes such failure as an abandonment of Plaintiff's claims." *Thomas v. Walmart Stores, LLP*, 4:13-cv-0565-HEA, 2014 WL 117645, at *2 (E.D. Mo. Jan. 13, 2014) (collecting cases and dismissing the action as to the relevant defendants). *See also Farraj v. Cunningham*, 659 F. App'x 925, 927 (9th Cir. 2016) (mem.) (affirming the district court's dismissal of plaintiff's complaint "based on his failure to oppose the

motions to dismiss"). For this reason, the Court will grant Defendants' unopposed Motion to Dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Theoda E. Mills, Jr., is **SANCTIONED** pursuant to Federal Rule of Civil Procedure 11(c), and for such sanction, this action will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants' unopposed Motion to Dismiss, Doc. [23], is **GRANTED**.

A separate Order of Dismissal will be entered herewith. *See* Fed. R. Civ. P. 58(a).

Dated this 30th day of January 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE